# Dahm *v.* Barlow & Co.

*Statutory Action in nature of Ejectment.*

1. *Statute of frauds; lease by agent without written authority.*—A lease, or the renewal thereof, signed by an agent whose written authority is not shown, is not within the terms of the statute of frauds (Code, § 1732, subd. 5), when possession was taken and held under it, and the stipulated rent was paid and accepted.

2. *Renewal of lease by administrator.*—An administrator may renew a lease, in accordance with a covenant for renewal in the original lease executed by his intestate, although the renewed term extends beyond his own continuance in the office of administrator.

3. *Forfeiture of term by tenant.*—The stringent rules of the common law as to the forfeiture of his term by a tenant, which were founded on the system of feudal tenures, are inapplicable in this country, and

[Dahm v. Barlow & Co.]

have been greatly modified by statutory provisions; and while a tenant may commit a forfeiture by a disclaimer of his landlord's title, or the open assertion of an adverse claim of title in himself, brought to the knowledge of the landlord, and sufficient to put the statute of limitations in operation in his favor as against the landlord, this is not the effect of his purchase of a partial interest in the property from a third person, and continued possession in recognition of the landlord's title as expressed and declared in the conveyance under which he claims; nor is a forfeiture effected by his filing a bill in equity, while thus in possession, asking a sale of the property for ·partition between himself and his landlord, according to their· respective interests.

4. *Waiver of forfeiture by acceptance of rent; subsequent explanation of acceptance.*—A subsequent acceptance of rent by the landlord, with knowledge of the facts relied on as showing a forfeiture, is a waiver of the forfeiture; and a letter afterwards written by him, declaring and explaining his motives or reasons for accepting the rent, is not admissible as evidence for that purpose.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by John Dahm and Timothy Meaher, against F. Barlow & Co. as a partnership, and against the individual partners composing the firm, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 13th November, 1890. The evidence adduced by the plaintiffs on the trial, both as to their title to the land, and their right to recover the possession from the defendants as lessees, is fully stated in the opinion of the court; and no evidence at all was introduced by the defendants. The plaintiffs' evidence showed that the defendants had entered into possession of the premises under a lease for five years, commencing August 1st, 1883, executed to them by "J. M. & T. Meaher," which gave them the privilege of renewal for a like term; and that this lease was renewed, August 1st, 1888, after the death of J. M. Meaher, by a written instrument signed "*Tim. Meaher, per A. Meaher*;" but the plaintiffs denied the validity of this renewal, on grounds stated in the opinion of the court; and they also insisted that the defendants had forfeited all rights under the lease, by purchasing an undivided one-third interest in the property from one Jas. K. Glennon, while they were in possession as lessees, and by filing a bill in equity for partition, or a sale of the property for the purpose of division, between themselves and the plaintiffs as joint owners, or tenants in common. Glennon's deed to the defendants was a quit-claim, and was dated the 17th May, 1890; and their bill in equity for partition was filed on the 1st October, 1890. The defendants continued to pay rent, according to the terms of the lease, up to the 1st November, 1890, plaintiffs' last receipt

being dated November 4th, 1890. On the 9th October, 1890, a written notice was served on defendants, demanding the possession of the premises, on the ground that they had repudiated the tenancy; but this notice was signed by John Dahm only, one of the two plaintiffs, and the defendants' answer to it denied any repudiation of the tenancy on their part. On the 12th November, 1890, another written notice was delivered to the defendants, demanding their surrender of the possession on the same ground, and signed by both of the plaintiffs; and this notice, or letter, contained also these words: "You are further notified that the rent last paid by you was accepted as rent due for said property under said written contract with you, up to 1st November, 1890, and not otherwise." The court excluded this notice, or letter, as evidence, on objection by the defendants, and the plaintiffs excepted. On all the evidence, the court gave, on request, the general affirmative charge for the defendants, and refused it as asked by plaintiffs; and to each of these rulings exceptions were reserved by the plaintiffs.

The assignments of error embrace all the rulings excepted to.

Wm. E. Richardson, and Henry Chamberlain, for appellants.—"The appellants base their right of recovery in this case on three propositions: (1.) That there was a continuing forfeiture of the lease by the defendants, evidenced by their attempted acquisition of an adverse title by their purchase from Glennon, and the institution and prosecution of their bill for a partition of the property. (2.) That the written instrument called a renewal of the lease, dated the 1st August, 1888, was void under the statute of frauds. (3.) That said alleged renewal of the lease, if valid for any purpose, did not convey the undivided one-half interest of J. M. Meaher, for a longer period, at most, than December 2d, 1889, when Timothy Meaher closed his administration on the estate of his deceased brother, Jas. M. Meaher." Authorities cited on the first proposition: 2 Wood's Landlord & Tenant, 2d Ed., 1214, § 516; 2 Taylor's L. & T., 84, § 497, note 4; *Jones v. Roberts*, 3 H. & M. 436; *Manice v. Miller*, 26 Barb. 42; *Camp v. Scott*, 47 Conn. 366; *Clough v. R. R. Co.*, 7 Exch. 26; *McGlynn v. Moore*, 25 Cal. 384; *Doe v. Woodbridge*, 9 B. & C. 376; *Farwell v. Easton*, 63 Mo. 446; *Doe v. Goodwin*, 6 Q. B. 953; *Doe v. Jones*, 5 Excheq. 498; 54 Ind. 544; *Jackson v. Allen*, 3 Cowen, 220; *Bleeker v. Smith*, 13 Wend. 530; *Alexander v. Hodges*, 41 Mich. 691; *Doe v. Allen*, 3 Taunt. 178; 24 Hun, N. Y. 617; *London v. Metford*, 14 Vesey, 56; 2 Cr. & Jer.

[Dahm v. Barlow & Co.]

667; 4 Barn. & Ald. 401; 4 Taunt. 735.   (2.) On the second
proposition: Code, § 1732, subd. 5; *Abernathy v. Moses*,
73 Ala. 381; *Heflin v. Milton*, 69 Ala. 354; *Linn v. McLean*,
85 Ala. 250; *Hutton v. Williams*, 35 Ala. 503; 2 Greenl.
Ev. §§ 61, 63; *Elliott v. Stocks*, 67 Ala. 336.   (3.) On the
third proposition: *Caldwell v. Parmer*, 56 Ala. 405; *Brun-
son v. Morgan*, 76 Ala. 593; *Espy v. Comer*, 76 Ala. 501;
*Abernathy v. Moses*, 73 Ala. 381; *Little v. Snedicor*,
52 Ala. 167.

FAITH & ERVIN, *contra*.—(1.) The demand for possession,
signed by Dahm only, was not sufficient.—2 Greenl. Ev.,
§ 323; 3 Taunt. 120; 3 B. & Ald. 689; Tillinghast's Adams,
121–2; 85 Ala. 25.   (2.) If the lease was forfeited, the for-
feiture was waived by the subsequent acceptance of rent.
2 Cowp. 803; 9 Paige, 427; 2 Bouv. L. D., § 497; Taylor's
L. & T., § 497.   (3) There was no forfeiture of the lease by the
defendants.— *Wells v. Sheerer*, 78 Ala. 144; 1 Washb. R. P.
493; Taylor's L. & T., § 522; *Brady v. Huff*, 75 Ala. 80;
8 Wheat. 213.

CLOPTON, J.—In order to establish their title to the land,
to recover which appellants bring the statutory real action,
they introduced in evidence (1) a quit-claim deed made by
the Bank of Mobile, May 3, 1859, conveying to James M.
Meaher and Timothy Meaher "five undivided twelve parts'
of a tract of land containing about thirteen hundred acres,
which includes the land described in the complaint; (2) a
conveyance executed by Timothy Meaher of this and a large
quantity of other lands, to John Dahm, December 2, 1889,
under an order of the Chancery Court; (3) a deed from Dahm,
August 20, 1890, conveying an undivided half interest in all
the lands included in the conveyance of Timothy Meaher, to
James K. and Augustine Meaher; and (4) a conveyance by
them, vesting in Timothy Meaher an estate for and during his
natural life in their half interest.   And in order to establish
their right of possession, plaintiffs introduced in evidence
(1) a written lease of the land sued for by J. M. and T.
Meaher to defendants, for the term of five years from August
1, 1883, at an annual rental of one hundred and fifty dollars,
payable in quarterly installments, with the right or privilege
of renewal for another term of five years; also, (2) a renewal
or extension, in accordance with this provision of the contract
of lease, for another term of five years, commencing August
1, 1888; also, (3) a deed made by James K. Glennon, May
17, 1890, conveying to defendants an undivided one-third in-

terest in the land in controversy; also, (4) a bill in chancery filed by defendants, October 1, 1890, seeking a sale of the land for partition among the tenants in common, and (5) a notice signed by Dahm, October 9, 1890, to defendants to quit within fifteen days.

James Meaher having died before the expiration of the original term, Timothy Meaher, who had been appointed his administrator, and was the surviving co-tenant, made the renewal of the lease. The renewal having been signed by his agent, who was not shown to have been authorized in writing, plaintiffs contend, that it is void under the statute of frauds. This contention is not supported by the facts. It appears that defendants, having been put in possession under the original lease, continued in possession under the renewal, and have paid the quarterly installments of rent to November 1, 1890. Possession and payment of the installments withdraw the lease from the influence and operation of the statute of frauds, bringing it within the express terms of the exception to the statute.—Code, § 1732; *Shakespeare v. Alba*, 76 Ala. 357. They further contend, that Timothy Meaher, as administrator, had no authority to extend the lease, so far as concerned James M. Meaher's interest, for a period exceeding the term of his administration, and that it was terminated when his entire real estate was sold under the decree of the Chancery Court. Without conceding the correctness of the proposition, it is a sufficient answer, that the administration is not shown to have been yet settled; and if it had, the administrator, in renewing the lease, simply performed a covenant made by his intestate in his life-time.

They also insist, that, if the lease be valid, defendants, by purchasing and accepting the conveyance from Glennon of a one-third interest in the land, and filing the bill in chancery, forfeited the lease. By the stringent rules of the common law, which have their origin in the military nature of the feudal tenure, almost any act of the tenant, inconsistent with his fealty to the landlord, worked a forfeiture of his term. While the relation of landlord and tenant is preserved in its integrity, these rules have been greatly modified by statutes, and some of the methods by which a tenant forfeited his term at common law are inapplicable under our institutions, and have not obtained in this country. Says Chancellor Kent: "But these forfeitures are very much reduced in this country, by the disuse or abolition of fines and feoffments, and by the statute provision, that no conveyance by a tenant for life or years, of a greater estate than he could lawfully convey, should work a forfeiture, or be construed to pass any greater interest."

4 Kent's Com. 102. The general rule, however, still is, that by disclaiming and denying the landlord's title, or asserting an adverse claim to title in himself, openly and notoriously, brought to the knowledge of the landlord, the tenant commits a forfeiture. In *Wells v. Sheerer*, 78 Ala. 142, the rule is stated as follows: "But the rule of the common law is, that whenever a tenant undertakes to disavow the relationship in this manner, by a hostile claim of ownership in himself—such a claim, at least, as would mature into a good title under the operation of the statute of limitations, if not redressed by action—this repudiation of the loyalty of his obligations will operate as a forfeiture of the lease, at the election of the landlord, who may proceed to consider the tenant as a stranger and a trespasser, and eject him accordingly."

Generally, attornment, or delivery of possession, to a stranger or adverse claimant, or any act disavowing the title of the landlord, and claiming a superior hostile title or ownership, amounting to a repudiation of the tenancy, will constitute a ground of forfeiture. What acts amount to a disclaimer, is often a question of nicety, and difficult of determination, as to which the authorities are not in accord. It has been held, that a tenant for life does not forfeit his estate by accepting a deed for the fee from the person whose title is hostile to that of the reversioner.—*Rosseel v. Jarvis*, 15 Wis. 571. But the weight of authority seems to be, that a purchase by a tenant of an adverse title, and claiming under it, is regarded as a forfeiture of his term.— *Williamson v. Watkins*, 3 Pet. 43. Probably the most certain general test of the sufficiency of a disclaimer to create a forfeiture is, whether the tenant's holding is thereby rendered so adverse as to put the statute of limitations in operation in his favor, whereby his adverse possession would ripen into a fee by the lapse of time,—a direct repudiation of the relation of landlord and tenant, and its obligations.

When tried by this test, do the acts and expressions of defendants amount to such disclaimer and repudiation? The deed of the Bank of Mobile, the source of plaintiffs' title, conveying only an undivided five-twelfths interest, constituted the grantees tenants in common with the persons owning the other interests; and though there is evidence that the Meahers used and occupied the land from 1870 to the time of making the lease, claiming it against all the world, it also shows that they claimed under that deed, thus naming the *quantum* of interest thereby conveyed the extent of the right or ownership claimed by them. Exclusive possession by one co-tenant, under a deed not purporting to convey the entire interest, and

unaccompanied by circumstances indicating an expulsion, is. not ordinarily deemed an ouster of the other co-tenants. *Brady v. Huff*, 75 Ala. 80. To the description of the land in controversy by metes and bounds, in the conveyance from Timothy Meaher to Dahm, are added the words, "being a part of the land purchased by J. M. and T. Meaher from the president and directors of the Bank of Mobile;" and the concluding clause of the conveyance limits its operation to whatever right and interest James M. and Timothy Meaher had, or might have, in the lands conveyed. Defendants did not purchase, or claim to purchase, the interest which the Meahers acquired under the deed of the Bank of Mobile, or any part thereof; and in their bill they claim to own only a third interest, averring therein that Dahm and his grantees owned the other two-thirds interest, and that defendants had leased the same. Also,. in response to the notice to quit, which was based upon the assumption that the defendants had repudiated the relation of landlord and tenant by filing the bill, they stated that they had not questioned their title to two-thirds interest, and expected to pay rent for the same, and they would continue in possession under the lease, and by virtue of their ownership of one-third interest. There is, not only no repudiation, but an express acknowledgment and affirmance of the continued existence of the relation of landlord and tenant—no denial or disclaimer of the landlord's title, but a mere assertion that defendants leased from the Meahers only a two-thirds interest in the lands, and that they had acquired the interest of the other co-tenant. Whether this contention and claim of defendants is well founded, the purchase of the interest of a co-tenant, which they dispute being included in the lease, accompanied by an acknowledgment of holding under the lease the two-thirds interest admitted, will not, in view of the statutory abridgement and qualifications of the strict rules of the common law, authorize plaintiffs to treat defendants as trespassers,. and does not constitute a forfeiture of the lease. Further holding in such case, and under such circumstances, is not so adverse to the landlord, as to put the statute of limitations in operation.

But, independent of this, it appears that plaintiffs accepted the quarterly installment of rent maturing November 1, 1890, after the filing of the bill, giving the notice to quit, and receiving defendant's reply thereto. This was a recognition of the lease, the admission of an existing tenancy, which precludes plaintiffs from insisting upon the forfeiture. The rule is well settled, that the landlord's acceptance of rent accruing after a forfeiture, with knowledge thereof, operates a waiver

[Heard v. Murray, Dibbrell & Co.]

of the disclaimer of title, if any.—*Stuyvesant v. Davis*, 9 Paige, 427; *Gomber v. Hackett*, 6 Wis. 323; Taylor's Land. and Ten. § 497.

The court did not err in excluding the letter written by plaintiffs, November 12, 1890, to defendants. A party can not, by declarations, after the acceptance of the rent, explain his intention in accepting it.

Affirmed.