# Barlow & Co. *v.* Dahm, et als.

*Bill for Sale of Land for Partition by Tenant Against Lessor.*

A tenant in possession under a lease, who acquires an outstanding title to an undivided interest in the premises, cannot maintain a bill for partition, without first surrendering the possession to the lessor.

APPEAL from the Chancery Court of Mobile.

Heard before Hon. W. H. TAYLOE.

Suit in Chancery by Barlow & Company against John Dahm and others for partition. Upon the submission of the cause the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered the bill dismissed.

The facts sufficiently appear in the opinion.

FAITH & ERVIN, and R. P. DESHON, for appellants, contended that the rule laid down that a tenant is estopped to deny his landlord's title is too broad, and that the true rule is "that a tenant is estopped to deny that at the time he accepted the lease his landlord had such title as authorized him to dispose of the title," citing *Furris & McCurdy v. Houston,* 74 Ala. 168, and submitted a lengthy written argument and brief, citing numerous authorities, upon other points in the record which the court declined to consider.

CHAMBERLAIN & RICHARDSON, *contra,* insisted that appellants were estopped from setting up any title whatever to the lands in controversy without first surrendering the possession of the property, citing *Norwood v. Kirby,* 70 Ala. 397; 3rd Brickell Dig. pp. 603, 609, and also furnished an exten-

sive written argument and brief upon the other questions involved, which questions the court deemed it unnecessary to consider.

HARALSON, J.—The complainants filed this bill on the first day of October, 1890, against John Dahm, Timothy Meaher, James K. and Augustus Meaher, for the sale for partition, of certain real estate described in the bill, alleging that they owned an undivided third interest therein, and the defendants the other two thirds, as tenants in common, and that it could not be equitably divided in kind. Complainants claim to have derived title to their one-third undivided interest in said land, on the 17th day of May, 1890, by deed of conveyance from one Glennon and his wife.

The defendants answering the bill, claim that they, and those from whom they claim, have been in the open, notorious and continuous adverse possession of said land, ever since 1847, claiming it as their own, and exercising acts of ownership over it; that the complainants knew that defendants were in the adverse possession of said land, claiming it as their own property, when they received said deed to an undivided third of it, from said Glennon and wife; that complainants were tenants of defendants, under a written lease, and have been paying their rents therefor, and they have never repudiated said tenancy nor claimed as their own, any portion of said land, but occupy the whole of it as tenants of defendants, and not otherwise, and have never surrendered, or offered to surrender, the possession of said property to defendants.

The proof shows that the complainants, Barlow & Co., rented and went into the possession of the whole of this land from defendants, or those under whom they claim, on the first day of August, 1883, by a written lease of that date, for the term of five years, from that date, to the 1st of August, 1888, at the annual renting, of one hundred and fifty dollars, payable quarterly, with the privilege of renewal of the lease for five years more, at the same rental, and that on the 1st day of August, 1888, according to the terms of said lease, complainants accepted a written renewal of said lease, on the same terms, as before, for another period of five years, expiring on the 1st day of August, 1893, and had paid their rents up to the 1st of October, 1890, the end of the last quarter, and were in possession of the property.

After this bill was filed, these defendants commenced ejectment in the Circuit Court of Mobile county, against these complainants, Barlow & Co., to recover the possession

of said land, which they then occupied under said lease from defendants,—the contention being, on their part, that because complainants claimed to have purchased a part of the leasehold from a third person, during the continuance of their lease from defendants, in hostility, as defendants claimed, to their title, and had filed this bill, while thus in possession, asking a sale of the property for partition between themselves and defendants, as tenants in common, they thereby repudiated and forfeited their lease, and defendants were entitled to recover the possession of the land. In that case, the defendants, complainants here, did not question the title to the plaintiffs,—these defendants, to two-thirds of the land, but claimed that they had leased only two-thirds interest in it from the Meahers, from whom these defendants derive title, and that they had acquired the interest of the other co-tenant of the Meahers. The case was decided in the Circuit Court, against these defendants. On an appeal to this court, we held, that these facts did not constitute a forfeiture of the lease, and that the payment and reception of the rent up to Nov. 1, (Oct. 1.) 1890, was a recognition of the lease and an admission of an existing tenancy, which precluded defendants from insisting, in that action, upon a forfeiture of the lease.—*Dahm v. Barlow & Co.* 93 Ala. 120.

Without going into the details of this case, and a discussion of the several assignments of error, we confine consideration of the cause to a single principle, which is decisive of it, consistently with what we held in *Dahm v. Barlow & Co. supra.*

The only ground upon which complainants seek to maintain this bill is, that on the 17th of May, 1890, during the existence of their lease from defendants, and their possession under it, they acquired by purchase from a third person, an undivided third interest in the land. Admitting that defendants own two-thirds of it, and asserting their own claim to a third interest therein, they file this bill for a sale of said land for partition, while still holding possession of the entire premises under their lease from the Meahers, without having surrendered the possession to their landlords. This as tenants, they are not permitted to do. "The landlord can only be required to litigate title with his tenant, upon the vantage ground of possession." *Houston v. Farris & McCurdy,* 71 Ala. 570; *Caldwell v. Smith,* 77 Ala. 157; *Norwood v. Kirby,* 70 Ala. 397.

The decree of the chancellor is affirmed.

Affirmed.