# Hammond *et al. v.* Blue.

*Statutory Action in the Nature of Ejectment.*

[Decided January 22, 1902.]

1. *Landloard and tenant; how relation created.*—An agreement between H., in possession of land under claim of ownership, and B., by which B. is permitted to go into possession and enclose the lot under fence with other land and is to deliver up possession to H. on demand, creates the relation of landlord and tenant.

2. *Same; estoppel of tenant to deny landlord's title.*—One having acquired possession of land under such agreement is estopped from denying the title of his landlord without having first surrendered possession.

3. *Landlord and tenant; estoppel to deny landlord's title.*—A tenant may not set up title in himself, or an outstanding title, to defeat a recovery of the possession of land by his landlord, unless he can show that he has acquired the landlord s title since the creation of the tenancy or that the landlord's title has expired.

4. *Tract book; admissibility of as evidence.*—In the absence of a statute authorizing its admission in evidence, a tract book, showing the sections of land and parts of sections in a cer-

22s

[Hammond *et al.* v. Blue.]

tain county, according to government survey, and by whom entered from the government, and date of entry, but not bearing the seal of any office or of the State, is not admissible in evidence.

5. *Evidence; when secondary proof of document admissible.*—In order to render secondary evidence of a writing admissible in evidence it should be shown that the party offering it, not only is not in possession of the original, but has not the control of it (citing Code, § 992.)

6. *Grant from U. S. government; best evidence.*—The original patent, or a certified copy thereof, is the best evidence of a grant from the United States government, under Code, §§ 1812, 1813.

APPEAL from Coffee Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

Statutory action of ejectment by Mrs. Mary J. Hammond and others against J. D. Blue. Plaintiffs claim title by adverse possession in themselves and those under whom they claimed, tracing back to the period of the civil war. It was proved for plaintiffs that the defendant went into possession of the land sued for under a contract by which he was to fence in the land and was to surrender it to plaintiffs on demand; that such demand was made before the institution of the suit, and defendant refused to surrender possession. After defendant thus acquired possession the land was conveyed to him by the administrator of the estate of one Mary E. Hammond, deceased, and defendant traced title back through mesne conveyances to one Lindsey, who (according to the "tract book" hereinafter mentioned) entered the land from the government.

The tract book referred to was proven to be the tract book for Coffee county, and the entries therein showed that Lindsay entered the land as tract books show entries. It was a bound book, upon the binding of which was printed "Ala. Tract Book," "Coffee County." It contained blanks for a description of tracts and area, by sections (and parts of sections), township and range; a blank for the name of the persons acquiring title from the United States, with date of sale, location of grant, number of certificate or warrant; also blank for name of

[Hammond *et al.* v. Blue.]

person acquiring State title, the number and date of conveyance, etc. Upon the front page there appeared in writing a certificate as follows: "The undersigned has copied this book from the original, it has been duly examined from the same, and I hereby certify that it is correct. Montgomery, Ala. July 18th, 1855. W. G. Lee." The official position of said Lee did not appear, nor did said book bear the seal of any office or of the State. The plaintiffs objected to the introduction of this book and the entries therein relating to the land in dispute, on the ground that the evidence was incompetent, and because the patent or a certified copy thereof was the best evidence. This objection was overruled.

Defendant offered in evidence the record of a deed from Lindsey to one G. T. Yelverton, dated August 8, 1851, as recorded in Probate Record Book B. Objection thereto, on the ground that the evidence was incompetent, not the best evidence, and because a proper predicate had not been laid for the introduction of secondary evidence, was overruled.

There was also evidence for the defendant tending to show that neither plaintiffs nor any one of them nor anyone through whom they claimed had been in adverse possession of the land for a continuous period of ten years.

There was judgment for defendant; and plaintiffs appeal, assigning as error the overruling of the objections above noted, and the refusal of the general affirmative charge requested by plaintiffs, as well as the refusal of other special charges which it is not necessary to copy.

J. F. SANDERS and M. SOLLIE, for appellants.—(1.) The objections to the tract book should have been sustained.—*Stephenson v. Reeves,* 92 Ala. 582; §§ 1812 and 1813 of Code; *Tillison v. Ewing,* 91 Ala. 467; *Knabe v. Burden,* 88 Ala. 436. (2.) The record of the deed from Lindsey to Yelverton was not admissible evidence. Code, § 992; *Jones v. Hagler,* 95 Ala. 532; *Farrow v. N. C. & St. L. Ry. Co.,* 109 Ala. 449. (3.) The court should have given the general affirmative charge for plaintiffs, because defendant was estopped to deny their title.—*Elliott v. Dyke,* 78 Ala. 15; *Wells v. Sheerer,*

78 Ala. 142; *Russell v. Irwin,* 38 Ala. 45; *Abbott v. Page,* 92 Ala. 574.

J. M. CARMICHAEL and HICKMAN & RILEY, for appellee. No brief came to the Reporter's hands.

DOWDELL, J.—The undisputed evidence in this case shows that prior to the time appellee Blue went into the possession of the lot in question, Mrs. Mary Hammond, for herself and her minor children, had possession of the same under a claim of ownership; that said Blue went into possession under an agreement with Mrs. Hammond, by which he was permitted to enclose said lot under a fence with other land, and furthermore, that he would deliver up the possession of the same to Mrs. Hammond on demand. By this agreement, the relation of landlord and tenant was, in effect, created. The possession by Blue having been so acquired, he was estopped from denying the title of Mrs. Hammond without having first surrendered the possession. The tenant may not set up title in himself, or an outstanding title, to defeat a recovery of the possession of the land by the landlord, unless he can show that he has acquired the landlord's title since the creation of the tenancy or that the title of the landlord has expired.—*Elliott v. Dyke,* 78 Ala. 155; *Wells v. Scherer,* 78 Ala. 142; *Rawson v. Erwin's Admr.,* 38 Ala. 45; *Abbott v. Page,* 92 Ala. 574. The court erred in refusing the affirmative charge as requested by the plaintiff.

We have been unable to find any statute which makes competent and admissible in evidence the tract book and entries in the same offered and admitted in evidence in this case. In the absence of any statute rendering the same competent in evidence, it was undoubtedly inadmissible. The original patent, or a certified copy of the same, was the highest and best evidence of the grant from the United States government to the patentee. Code of 1896, §§ 1812, 1813; *Tillerson v. Ewing,* 91 Ala. 436; *Knabe v. Burden,* 88 Ala. 436.

It is not enough to show that a party is not in possession of the original document or paper to render sec-

[Young v. Latham.]

ondary evidence of the same competent and admissible. The statute requires more. He should also prove that he has not the control of such original.—Code of 1896, § 992; *Jones v. Hagler*, 95 Ala. 529; *Farrow v. N. C. & St. L. R'y*, 109 Ala. 448.

There are other assignments of error, but as it not likely that the questions will arise under another trial, we deem it unnecessary to consider the same. For the errors pointed out, the judgment of the circuit court is reversed and the cause remanded.