# Duncan *v.* Guy, *et al.*

*Bill for Sale of Lands for Division.*

(Decided April 22, 1909. 49 South. 229.)

1. *Landlord and Tenant; Title of Landlord; Tenant Estopped to Deny.*—The general rule is that a tenant entering into possession of land under a lease must surrender the possession to the landlord before he can assail or question the title under which he enters; the exception to this rule is that the tenant may show the termination of the landlord's title or that he has acquired the same since the creation of the tenancy, but this execption does not permit the tenant to assert an outstanding title which he may purchase or permit him to attorn to the person having an outstanding title hostile to that of the landlord.

2. *Same; Waiver of Surrender.*—The evidence in this case stated and examined and held not to show a waiver of a surrender of possession by the landlord so as to permit the tenant to set up an outstanding title acquired by him hostile to the landlord.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by B. C. Duncan against Anna Guy and others for a sale of certain lands for division among joint owners. From a decree for respondents, complainant appeals. Affirmed.

The defendant Guy disclaimed any interest in the land sought to be divided, alleging that she transferred her interest to Johnson ten years before the filing of the bill. Respondent Johnson answered, setting up that he was the owner of the life estate in the entire southwest quarter of the land sought to be divided, and that the children of his deceased wife were the owners of the remainder. He alleges, further, that the complainant's possession of the lands described was that of tenant to him, and that he has never delivered the possession back to the respondent, but has continued to hold possession under said rental contract. Under these allegations the issues were

[Duncan v. Guy, et al.]

made up and submitted, and the evidence is sufficiently set out in the opinion.

LACKEY & BRIDGES, for appellant. While it is true that a tenant may not set up title in himself or an outstanding title to defeat a recovery of the possession by his landlord, yet the rule has this qualification that he can do so when he has acquired the landlord's title, since the creation of the tenancy, or when the landlord's title has expired since the creation of the tenancy.—Hammond et al. v. Blue, 132 Ala. 337. A waiver is an intentional relinquishment of a known right or such conduct as warrants an inference of such intent, this intention may be shown by conduct as well as by express agreement.—Freser v. Aetna Life Ins. Co., 90 N. W. Rep. 476-481; Caulfield et al. v. Finnegan, 114 Ala. 39-48; Walker v. Wigginton, 50 Ala. 583; 2 Bouv. Dict. p 648; Bowling v. Cook, 104 Ala. 130. A waiver may be created by facts that are not sufficient to create an estoppel.—Casimus Bros. v. Ins C.o., 135 Ala. 256; Queen Ins. Co. v. Young, 86 Ala. 424. As between tenants in common, to establish adverse possession, there must be an eviction, denial of the right to enter, or exclusive claim of the right to occupy; and notice thereof must be shown to have been brought home to the cotenants.—Johns v. Johns, 93 Ala. 239. One tenant in common cannot purchase the lands jointly owned, at a tax sale, and acquire title thereto in himself as against his cotenants; and the rule applies with equal force to one who is acting as agent for another with respect to the property sold for taxes; and to the wife of such cotenant or agent.—Johns v. Johns, 93 Ala. 239; Bailey's Admr. v. Campbell, 82 Ala. 342; Beaman v. Beaman, 44 So. Rep. 987; Robinson v. Lewis, 8 So. Rep. 258-10 L. R. A. 101; Hamblett v. Harrison, 31 So. Rep. 580; Tyler v. Sanborn, 4 L. R.

A. 218; *Bothwell et als. v. Dewees, et als.,* 67 U. S. 2 Black 613. A purchase of lands at a tax sale by one tenant in common, enures to the benefit of all the cotenants. It operates merely as a payment of the taxes by the purchaser, although he may take a deed to himself, and he is entitled, upon proper pleadings, to have contribution therefor from his cotenants.—*Donnor v. Quartermas,* 90 Ala. 164; *Johns v. Johns,* 93 Ala. 239; *Fallon v. Chidester,* 26 Am. Rep. 164. The limitation barring actions to recover lands sold for taxes after three years from the date when the purchaser becomes entitled to a deed, does not begin to run until the purchaser takes possession of the land under his purchase.—*Long et al. v. Boast,* Ala. 44 So. Rep. 955; *National Bank of Augusta v. Baker Hill Iron Co.,* 108 Ala. 635.

JAMES W. STROTHER, for appellee. A purchaser of lands who paid the purchase price, whether the sale is oral or by deed or by bond, holds adversely: *Newson v. Snow,* 91 Ala. 641; *Beard v. Ryan,* 78 Ala. 43. A purchaser of land who takes possession having paid the purchase price holds adversely to the vendor, and the vendor is charged with notice thereof.—*Normand v. Eureka Co.,* 98 Ala. 181. Any actions to recover lands sold for taxes must be brought within three years from the time the purchaser became entitled to demand a deed therefor.—Code 1896, Section 4089; *Capehart v. Cuffy,* 130 Ala. 425. A tax deed, though void as a conveyance of title, may answer as color of title and possession under it for the statutory period will ripen into a title.— *Florence Co. v. Warren,* 91 Ala. 533; *Hughs v. Anderson,* 79 Ala. 209; *Alexander v. Savage,* 90 Ala. 385. The evidence in the case fully proves the pleas of the respondents. When defendant's pleas are proven, he is entitled to a decree in his favor.—*Johnson v. Dadeville,* 127 Ala. 244; *Tyson v. Decatur Land Co.,* 121 Ala. 414; *Stein*

[Duncan v. Guy, et al.]

*v. McGrath,* 128 Ala. 181; Fletcher's Equity Pleading & Practice, page 310. The complainant has no right to maintain this bill as to that part of the land described as the West half of the North-East quarter of Section 14, mentioned in the testimony as the "Weaver eighty"; because as to that part of the land he was the tenant of La Fayette Johnson at the time the bill was filed. Under no circumstances when there is no fraud or mistake will the tenant be permitted to deny the title of the landlord at the beginning of the term.—*Davis v. Williams,* 130 Ala. 530; *Davis v. Pou,* 108 Ala. 443; *Robinson & Ledyard v. Holt,* 90 Ala. 115; *Hammond et al. v. Blue,* 132 Ala. 337. A conveyance of land at a time when it is adversely held is void as against such adverse holder and the persons in privity with him.—*Pearson v. King,* 99 Ala. 125; *Davis v. Curry,* 85 Ala. 133; *Parks v. Barnett,* 104 Ala. 438; *Craft v. Thornton,* 125 Ala. 391.

ANDERSON, J.—It is an elementary principle that, when a tenant enters into possession of land under a lease, he must surrender the possession to the landlord before he can assail or question the title under which he enters.—McAdam on Landlord & Tenant, 1341; *Davis v. Williams,* 130 Ala. 530, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; *Barlow v. Daham,* 97 Ala. 414, 12 South. 293, 38 Am. St. Rep. 192. There is an exception to the general rule to the extent of permitting the tenant to show the termination of the landlord's title, or that he has acquired same since the creation of the tenancy. *Hammond v. Blue,* 132 Ala. 337, 31 South. 357. "But while his relation of tenant, and possession as such, continues, he cannot avail himself of an outstanding title (which he may purchase) to dispute the title of his landlord, nor can he then effectively attorn to the person having an outstanding title in hostility to that of his landlord. He must first surrender the premises to his

landlord before assuming an attitude of hostility to the title or claim of title of the latter." The complainant, in the case at bar, was the tenant of the respondent Johnson when he purchased the one-fifth interest of Mrs. San-ford, which was but an outstanding claim or title of a third person, and falls within the influence of the case of *Barlow v. Daham, supra;* and, not having restored the possession, he is estopped from disputing the title of his landlord.

It is insisted by appellant's counsel that the restoration of the possession was, in effect, waived by the landlord, because of the fact that he accepted but four-fifths of the rent, and thereby acquiesced in the claim of complainant to a one-fifth interest in the land. Conceding that a restoration of the possession can be waived, we do not think that a mere failure to collect and demand, each year, all of the rent, operated as a severance of the relation or a restoration of the status in quo. The complainant testified that he retained one-fifth of the rent because of having bought the Sanford interest, but does not set out enough to show that Johnson waived a surrender of the premises or consented to a termination of the tenancy pro tanto as to the one-fifth interest of the land. On the other hand, Johnson testified: "He has never surrendered the possession of the land to me. I never told Dr. Duncan that I was satisfied when he didn't pay me the $50 rent, and only paid me $40. I didn't tell him that that was satisfactory." Nor does Duncan testify that Johnson consented to a termination and waived the restoration as to the one-fifth interest. He merely stated: "It was perfectly satisfactory, so far as I know."

The decree of the chancery court is affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.