# Wise *v.* Spears, *et al.*

## *Ejectment.*

(Decided April 20, 1911. Rehearing denied May 5, 1911.
55 South. 114.)

1. *Evidence; Record; Certified Transcript.*—The defendant having made no affidavit that the instrument was a forgery, and there was proof that the plaintiffs were not in control of certain deeds, certified transcripts of the record thereof, were properly introduced, and admitted in evidence as provided by section 3374, Code 1907, although there was not sufficient proof of the loss of the deed.

2. *Same; Ancient Documents.*—Where plaintiffs in ejectment were not the grantees under a deed which was nearly fifty years old, no presumption arose that they were in the possession or control thereof, and hence, were entitled to introduce a certified transcript of the record to prove the deed.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by John Spears against Lon Wise. Plaintiff's death having been suggested, the cause was revived in the name of his heirs. Judgment for plaintiff's, and defendant appeals. Affirmed.

The testimony relative to the deeds is as follows: The wife of John Spears testified that she did not know where the deeds from Ward were; that they might be at home; that she could not read, and hence could not look for the deeds; that there were a lot of old deeds at home in her trunk, but that they did not have this particular deed, as it had been turned over to Mr. Simmons several years ago. Simmons testified that some deed from Ward to Spears had been turned over to him, but that he did not recall the number, but that they referred to a difference between Spears and Wise; that he did not return the deed to Mrs. Spears; that he did not know where it was. Upon this proof, the court admitted the certified copy of the deed.

JOHN H. WILKERSON, and RILEY & CARMICHAEL, for appellant. After a discussion of the evidence admitted counsel insist that it was not a compliance with the statute, and that a certified transcript of the record was not admissible although one of the deeds may be said to be an ancient document.—Sec. 3374, Code 1907; *Farrow v. N. C. & St. L. Ry.*, 109 Ala. 448; *Hammond v. Blue*, 132 Ala. 337; *Burgess v. Blake*, 128 Ala. 105.

J. F. SANDERS, for appellee. Under the facts in this case there was no presumption that plaintiffs were in possession of the deed, and under such circumstances, there was no necessity for accounting for the original before introducing the copy.—*Beard v. Ryan*, 78 Ala. 37; *England v. Hatch*, 80 Ala. 247; *Allison v. Little*, 85 Ala. 512; *Lester v. Blackwell*, 128 Ala. 146; Sec. 3374, Code 1907. No certain rule can be laid down as to the quality or quantity of preliminary proof necessary to authorize the introduction of secondary evidence of the contents of the lost instrument.—*Jones v. Scott*, 2 Ala. 58; *Beall v. Dearing*, 7 Ala. 124; *Adams v. Shelby*, 10 Ala. 478, and authorities supra.

ANDERSON, J.—The deeds in question were duly acknowledged or proved according to law, and a transcript of the record of same was admissible in evidence, if it appeared to the trial court that the original was lost, or that the party offering the transcript was not in the custody or control of the deeds. Section 3374 of the Code of 1907. We may concede that there was not sufficient proof of the loss of said deeds; but there was proof sufficient to show that these plaintiffs were neither in the custody or control of same. Whether or not the Ward deeds were lost, or in the possession of Mrs. Spears or Mr. Simmons, they were beyond the immediate custody or control of the plaintiffs, and the proof on

[Wise v. Spears, et al.]

the subject met the requirements of the case of *Hammond v. Blue,* 132 Ala. 337, 31 South. 357. The defendant not having made the affidavit required by the last part of said section 3374, which did not appear in section 992 of the Code of 1896, the trial court did not err in admitting in evidence the transcript of the record of same.

Whether or not the Russell deed was shown to have been lost, or was traced into the possession of Mrs. Spears or Simmons, it was an ancient document, nearly 50 years old, and the plaintiffs were not the grantees thereunder, and no presumption arises that they were in the possession or control of same.—*Allison v. Little,* 85 Ala. 512, 5 South. 221. There was no error in admitting the transcript of the record of this deed. Mrs. Spears, the mother of plaintiffs, was not a party to the suit, and it cannot be presumed that she held the deeds for the plaintiffs, if she had the custody of same. Nor does it appear that Simmons held them as their lawyer in the cause, or for them in any capacity if he held them at all. In other words, the plaintiffs could not locate them, and, never having had the custody of same, the proof was sufficient to show that said deeds were not in their custody or control at the time of the trial.

The judgment of the circuit court is affirmed.

Affirmed.

Simpson, McClellan, and Mayfield, JJ.. concur.