(75 South. 366)

LYON CO. v. CRANE.    (1 Div. 952.)

(Supreme Court of Alabama.    April 19, 1917.)

1. EJECTMENT ⊕—90(5)—EVIDENCE—ADMISSIBILITY.

In ejectment a mortgage given by the grantee of a patentee to the guardian of defendant's ancestor in title was admissible where a deed from the grantee of the patentee recited the giving of a mortgage to such guardian.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 262.]

2. LANDLORD AND TENANT ⊕—66(1)—RIGHT OF TENANT — ADVERSE POSSESSION — LIFE TENANCY.

A tenant at will of the owner of real estate who is given a lease for life by a subsequent grantee of the owner need not, to establish her title to such life interest, establish a surrender to the original owner since her claim is not adverse, but consistent with the owner's claim.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 199–202, 206–209.]

3. ESTOPPEL ⊕—119—POSITION IN LEGAL PROCEEDING—QUESTION FOR JURY.

Where life tenant who was illiterate denied having sworn to a bill to quiet title against the original owner of the land, she did not thereby as a matter of law forfeit her life estate acquired from a subsequent grantee, but, at best, such forfeiture was a question for the jury.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 309.]

4. TRIAL ⊕—251(3)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

Where a tenant at will under the original owner was subsequently given a life tenancy by a subsequent grantee, and the ultimate grantees brought ejectment against her, an instruction that, where one goes into possession of land under one party, he cannot set up adverse possession against the title of the one under whom entry was made without evidence of disaffirmance of such holding brought home to the holder of the title under which entry was made, was properly refused as abstract.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 590.]

5. TRIAL ⊕—252(5)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In ejectment, where defendant claimed under a lease for life and offered evidence that she had held possession thereunder for 49 years, charge that there was no evidence of adverse possession on her part was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 600.]

Appeal from Circuit Court, Mobile County; Samuel B. Browne, Judge.

Ejectment by the Lyon Company against Sarah Crane. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts sufficiently appear. The following charges were refused to plaintiff:

(3) The court charges the jury that, where one goes into possession of land under one party, such person cannot set up adverse possession against the title of the one under whom entry was made without evidence of disaffirmance of such holding brought home to the holder of the title under which entry was made.

(4) The court charges there is no evidence of adverse possession by defendant in this case.

Ervin & McAleer, of Mobile, for appellant. Tompkins & Kirkpatrick, of Mobile, for appellee.

GARDNER, J. This suit was brought by the appellant for the recovery of certain real estate in Mobile county, including 80 acres of land described as the N. ½ of S. E. ¼, sec. 3, T. 7 S., R. 2 W. As to this particular tract the jury found in favor of the defendant, Sarah Crane, and the plaintiff prosecutes this appeal.

The plaintiff proved a record title from the government by first proving the patent from the government to one Keenan and conveyances from said patentee and the successive grantees down to one Artemus O. Sibley on July 26, 1865. Plaintiff then offered deed from Sibley to one Charles Bancroft, of date March 24, 1894, which deed recites the execution of the mortgage by Sibley on April 16, 1866, to one McGuire, as guardian for Byron Thrower; the foreclosure of same and sale of the land to Byron Thrower; the levy on said lands as the property of said Thrower and sale of same under execution to one William Otis, who afterwards devised them to Charles Bancroft; that in the several conveyances inaccuracies were made in the description of the lands; and that the said deed was being executed for the purpose of correcting all such mistakes in the description

and for perfecting the title of said Charles Bancroft. Plaintiff then offered a certified copy of the will of Charles Bancroft, probated October 6, 1895, giving to his wife, Catharine Bancroft, the power to sell any of his property she desired, and next offered two deeds from Catharine Bancroft to Emily C. Lyon, of date June 10 and June 12, respectively, 1899, conveying said lands, and also certified copy of the deed from Emily C. Lyon to the plaintiff, the Lyon Company, dated May 6, 1910.

The defendant, Sarah Crane, then offered proof to the effect that she had resided upon this particular 80 acres of land for a long number of years and that her possession had been undisturbed for more than 30 years. Evidence for defendant further tended to show that she had cultivated only a small portion of the 80-acre tract, having about 12 acres under fence, and that her daughter and son-in-law, Brown and Sarah Broadus, also lived on the land and cultivated about 5 acres for more than 10 years. While Mr. and Mrs. Broadus each testify that they were in possession of the few acres occupied by them, claiming the same, yet it is clear and without dispute that they claimed under their mother, Mrs. Crane, and she will therefore be hereinafter referred to as the defendant.

The evidence for the defendant discloses that at the time she went into possession of the land Artemus Sibley, the grantor in the deed to Charles Bancroft, had a mill located on this land for the purpose of sawing the timber, and that defendant's husband was a teamster in Sibley's employ, and, as we understand the testimony of Sarah Crane, Sibley placed her husband on the land while he was working at the mill, and they had continued on the place after the mill was removed. We think it clear, therefore, that Sarah Crane and her husband obtained possession in this manner from Artemus Sibley.

One Fremont Thrower, witness for defendant (to whose testimony no objection was interposed), testified as to the defendant's long possession of the land; that he had found her in possession, and as agent for his brother, Byron Thrower, who claimed ownership under a mortgage from Sibley (which was exhibited to witness and identified by him as the mortgage referred to), he had given her in 1874 or 1875, a written lease for her lifetime to hold possession for Byron Thrower, and that she had lived there ever since; that the land was subsequently sold to one William Otis at an execution sale, but which sale to Otis was "a long time after [he] made the lease to Mrs. Crane."

[1] The defendant then offered in evidence a certified copy of the mortgage from Artemus Sibley to W. W. McGuire, as guardian for Byron Thrower, dated April 16, 1866, which was objected to on the part of the plaintiff as irrelevant, incompetent, and immaterial. The recitals of the mortgage clearly show that it was executed to McGuire as guardian for Byron Thrower, and when considered in connection with the recitals of the deed of said Sibley to Bancroft of March 24, 1894, it clearly appears they each refer to the same transaction. The said deed of March 24, 1894, supra, as offered in evidence by plaintiff, also recites the foreclosure of said mortgage and purchase of property at foreclosure sale by said Byron Thrower and sale of same subsequently under execution issued against said Thrower and purchase at execution sale by William Otis. The objection to the introduction of said mortgage was properly overruled. The defendant, testifying in her own behalf, stated that she was in possession of the property and claimed the same, but that she never got any writing or paper title except that given her by Fremont Thrower, which was a lifetime paper, and she was to occupy and look after the property; and such is her sole claim thereto in connection with her possession for a period of about 49 years.

Plaintiff offered to prove by one Matlock that the defendant had executed a lease of the property here in dispute to Emily C. Lyon on November 7, 1903, and another lease to plaintiff, the Lyon Company, on September 13, 1910, after the conveyance of the land by Emily Lyon to plaintiff; that these leases were executed by the defendant in the presence of Matlock, who gave his signature as a witness, and the leases were delivered in typewritten form to Matlock by plaintiff's counsel for the purpose of having them executed. Matlock, who acted as agent for the defendant company, further testified to serving a written notice on defendant February 19, 1915, to vacate the property here in dispute. One of plaintiff's counsel testified to the preparation of the lease and the notice to vacate and delivery of the papers to Matlock, and that shortly after the lease was returned duly signed he learned of a bill being filed on February 25, 1914, in the chancery court by Sarah Crane against Artemus Sibley for the purpose of quieting title to the property here in dispute, and that the "quit notice" was then served upon her. The record contained no further information as to said will, its contents, or its purpose. Recurring to the testimony of the defendant, she denied the execution of the two leases testified to by Matlock.

Plaintiff in rebuttal offered evidence to show a judgment in the circuit court of Mobile county against Fremont and Byron Thrower, dated January 4, 1881, and also a certified copy of a deed executed by the sheriff of said county to William Otis, reciting the execution issued in the suit in which the above-stated judgment was recovered, a levy on property, including the 80 acres here involved, and a sale thereunder to William Otis. Plaintiff then offered in evidence a certified copy of the will of William Otis, which devised all of his property to Charles Bancroft, the same being probated March 19, 1891.

[2] It is insisted for plaintiff that the defendant, having acquired possession under Artemus Sibley, was in no position to set up adverse possession against said ' Sibley or his grantees without first surrendering to Sibley the possession thus acquired. Barlow v. Dahm, 97 Ala. 414, 12 South. 293, 38 Am. St. Rep. 192; Hammond v. Blue, 132 Ala. 337, 31 South. 357. Counsel for defendant insist, however, that even conceding possession was acquired under Sibley, the evidence is sufficient (in connection with the mortgage from Sibley to the guardian of Byron Thrower and the recitals contained in the deed of March 24, 1894, offered by the plaintiff to show foreclosure of the mortgage and a purchase of the land by Byron Thrower, and the evidence offered without objection as to the lease executed by Fremont Thrower, as agent for Byron Thrower) to show that the defendant was claiming, not in antagonism to the title of Sibley, but under one whose title was acquired from him, and that in fact the relationship of tenant at will under Sibley was merely converted into that of tenant for life under Thrower. We are of opinion the correctness of the defendant's contention in this respect must be conceded. She was asserting no hostile title to Sibley in accepting a lease for life under Sibley's grantee, and, such relationship being entirely consistent with Sibley's title, the above-noted principle as to duty of surrendering possession was without application. The evidence shows upon the record title offered by the plaintiff that whatever title was possessed by Byron Thrower the same has been acquired by the plaintiff in this cause. The defendant claimed as a life tenant of Byron Thrower, and sets up no independent claim of ownership further than her long term of possession under lease. She was then in possession claiming under such lease when plaintiff acquired the title of said Thrower under whom she claims, and plaintiff therefore purchased subject to such lease. Defendant denied the execution of the two leases testified to by Matlock.

[3] It is insisted that the filing of the bill by defendant against Sibley to quiet title was of itself sufficient to make a forfeiture of her life estate interest under the doctrine of Wells v. Sherer, 78 Ala. 142, Barnewell v. Stephens, 142 Ala. 609, 38 South. 662, and Dahm v. Barlow, 93 Ala. 120, 9 South. 598, and that on account thereof the plaintiff was entitled to the affirmative charge. The defendant was shown to be very illiterate, and she denied having sworn to the bill, and evidently was largely ignorant in regard thereto. The bill was not filed against plaintiff or Thrower, from whom she received the lease, and its contents or purpose further than hereinabove stated are not disclosed. Upon consideration of all the circumstances and facts here presented we do not think the

principle announced in the above-cited authorities, and which are well recognized, suffice to justify the giving of the affirmative charge upon that issue, and that, at best, it may be conceded, constituted a question for the jury.

[4, 5] While charge No. 3 may assert a correct proposition of law, yet, under the evidence as herein outlined, we think it abstract and properly refused. Charge No. 4 was properly refused. Defendant claimed under a lease for life, and offered evidence as to her adverse possession under such lease for a period of 49 years.

We find no reversible error in the record, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN 'and' SAYRE, JJ., concur.