179 So. 225

**BECK v. JOHNSON.**

5 Div. 272.

Supreme Court of Alabama.

Feb. 10, 1938.

324

Paul J. Hooton, of Roanoke, for appellant.

D. T. Ware, of Roanoke, for appellee.

THOMAS, Justice.

■ The inferior court of Randolph county was abolished by the act of the Legislature which was approved on the 5th day of February 1935. Loc.Acts 1935, p. 3.

Any action by the court on that day was without legal effect, and pending causes remained as unfinished business and were transferred to the docket of the circuit court, where the trial was duly had. This cause was transferred to the circuit court of Randolph county, where the trial was duly had and resulted in a judgment against the tenant for rents of the farm described in the complaint, and for the year 1934, as charged in the complaint, substantially in Code form. Code 1923, § 9531, forms 10, 33 and 34. The law takes no account of fraction of days. Steiner Bros. v. Bank of Montgomery, 115 Ala. 575, 22 So. 72; Turnipseed v. Jones, 101 Ala. 593, 14 So. 377.

The trial was had before the court without a jury and heard on testimony given ore tenus. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Cook v. Taylor, Ala.Sup., 177 So. 344[1]; Davis v. Baker, Ala.Sup., 180 So. 310.[2] The judgment rendered is supported by the intendments that obtain to such a trial.

■■ The appellant did not deny that he rented the land referred to in the complaint as the Stewart place, and for the year 1934, from appellee, and that he cultivated such land being put into possession by such landlord. The tenant cannot dispute the title of his landlord during tenancy, and is not permitted to set up an outstanding title to defeat recovery for rent in a suit by his landlord. Section 8796, Code 1923; Hammond et al. v. Blue, 132 Ala. 337, 31 So. 357.

The rule of estoppel that obtains in such cases is stated that one having acquired possession of land under agreement of

[1] Ante, p. 63.    [2] Post, p. 661.

tenancy is estopped from denying the title of his landlord, without having first surrendered that possession so acquired and enjoyed. In Elliott v. Dycke, 78 Ala. 150, 155, Judge Stone tersely observed "The title set up by the defendant was derived from plaintiff, and this estopped him from denying that plaintiff originally had title." Davis et al. v. Williams, 130 Ala. 530, 30 So. 488, 54 L.R.A. 749, 89 Am.St.Rep. 55.

 The relation of landlord and tenant is not denied, and was admitted by the appellant (tenant) when he stated that he rented the land for 1934 from appellee (landlord), and the suit was to enforce the landlord's lien created under the law; and judgment rendered for such rental in attachment suit therefor on the evidence will be affirmed.

The court tried the case without a jury and saw and heard the witness and refused to grant a new trial. That judgment does not appear plainly to have been produced by bias, passion, prejudice, or other improper manner, and is not shown plainly to be contrary to the evidence and law. Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L.R.A.1915F, 491, Ann.Cas.1916B, 449; Benton Mercantile Co. v. Owensboro Wagon Company, 207 Ala. 49, 91 So. 784.

There was no error in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

