105 So.2d 448

Albert STEWART

v.

Shirley JOINER.

I Div. 776.

Supreme Court of Alabama.

Sept. 11, 1958.

Rehearing Denied Oct. 9, 1958.

Thompson & White, Bay Minette, for appellant.

Jas. R. Owen, Bay Minette, for appellee.

LAWSON, Justice.

This is a statutory ejectment suit. The complaint was filed in the Circuit Court of Baldwin County on October 16, 1957, by Shirley Joiner against Albert Stewart. The defendant pleaded the general issue. At the conclusion of the evidence the trial court gave the general affirmative charge with hypothesis in favor of the plaintiff. There was jury verdict in favor of plaintiff, on which the court rendered judgment. The defendant has appealed to this court. There was no motion for a new trial.

The undisputed evidence in this case shows that prior to the time appellant, Albert Stewart, went into possession of the suit property his brother, Buster Stewart, had possession of same under a claim of ownership; that said Albert Stewart went into possession as a tenant of Buster Stewart; that while Albert Stewart was in possession of the suit property as a tenant of Buster Stewart the latter conveyed the property to the appellee, Shirley Joiner; that the appellant continued in possession.

■ A motion to postpone the trial of the case was addressed to the sound discretion of the trial court and its refusal is not reviewable except for gross abuse of discretion. American Rubber Corp. v. Jolley, 260 Ala. 600, 72 So.2d 102, and cases cited. We find no such abuse of discretion in the present case.

■ The principle has been long established in this state that the tenant is estopped to deny the title of his landlord as it existed at the inception of the tenancy, while holding under a lease or after its expiration, unless he surrenders possession to the landlord. Henley v. Branch Bank at Mobile, 16 Ala. 552; Smith v. Mundy, 18 Ala. 182; Clarke v. Clarke's Adm'r, 51 Ala. 498; Bishop v. Lalouette's Heirs, 67 Ala. 197; Norwood v. Kirby's Adm'r, 70 Ala. 397; Houston v. Farris, 71 Ala. 570; Robinson v. Holt, 90 Ala. 115, 7 So. 441; Nicrosi v. Phillippi, 91 Ala. 299, 8 So. 561; Espalla v. Gottschalk, 95 Ala. 254, 10 So. 755; Pugh v. Davis, 103 Ala. 316, 18 So. 8; Anderson v. Anderson, 104 Ala. 428, 16 So. 14; Davis v. Williams, 130 Ala. 530, 30 So. 488, 54 L.R.A. 749; Beck v. Johnson, 235 Ala. 323, 179 So. 225; Carson v. Rains, 237 Ala. 534, 187 So. 707; Kelly v. Kelly, 250 Ala. 664, 35 So.2d 686; § 1, Title 31, Code 1940. The tenant cannot, while so in possession and to defeat a suit against him for possession, show that there was a superior outstanding title, though he may have acquired a transfer of it to himself, and though the suit be of a nature which admits of a contest of titles. Childress v. Smith, 227 Ala. 435, 150 So. 334; Espalla v. Gottschalk, supra; Houston v. Farris, supra; Norwood v. Kirby's Adm'r, supra.

The tenant in possession is also estopped to deny the title of one who succeeds to the rights of the person under whom he went into possession as a tenant. In Bishop v. Lalouette's Heirs, supra, this court said as follows:

"There are few principles of law better settled than that both tenants and their privies, of blood or estate, are estopped from disputing the title of the landlord under whom they hold, *or of anyone who succeeds to his rights*, so long as they continue the possession originally derived from him. Hence, when sued for the possession of the demised premises by the landlord, *or one surrendering* [sic] *to his rights*, the tenant is precluded, as well after the termination of the lease, as during its continuance, from calling the title of the plaintiff in question, or from setting up an outstanding title in a stranger, or third person." (Emphasis supplied) 67 Ala. 201.

See Blankenship v. Blackwell, 124 Ala. 355, 27 So. 551; Angelina County Lumber Co. v. Reinhardt, Tex.Civ.App., 270 S.W.2d 259; Carroll v. Richland County, 264 Wis. 96, 58 N.W.2d 434.

■ We hold that under the evidence in this case, even when viewed in the light most favorable to the appellant, the trial court did not err in giving the general affirmative charge with hypothesis in favor of the plaintiff. Hammond v. Blue, 132 Ala. 337, 31 So. 357.

■ On this state of the case, if any errors were committed by the trial court in other matters arising on the trial, they are not ground for reversal since they could not have injured the appellant. Appling v. Stovall, 123 Ala. 398, 26 So. 212; Bienville Water Supply Co. v. City of Mobile, 125 Ala. 178, 27 So. 781; Hill v. McBryde,

125 Ala. 542, 28 So. 85; Christian v. Denmark, 156 Ala. 390, 47 So. 82; Chambers v. Lindsey, 171 Ala. 158, 55 So. 150; Chandler v. Pope, 205 Ala. 49, 87 So. 539; First Nat. Bank of Birmingham v. Hendrix, 241 Ala. 675, 4 So.2d 407.

The judgment of the trial court is affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.