121 So.2d 611

**W. K. REDWINE**

v.

**Thomas R. REDWINE.**

**8 Div. 16.**

Supreme Court of Alabama.

May 26, 1960.

624

W. K. Redwine, appellant, pro se.

Guin, Guin & Cleere, Russellville, for appellee.

STAKELY, Justice.

The following proceedings were had in the cause styled Thomas R. Redwine, individually and as administrator with the will annexed et al., v. Walter Redwine et al., in the Circuit Court of Colbert County, in Equity. What is called an ancillary petition was filed by Thomas R. Redwine, both in his individual capacity and as administrator with the will annexed of the estate of Thomas J. Redwine, deceased, one of the complainants in the above captioned cause and following the entry of the final decree in said cause for the purpose, among other things, of obtaining direction of the court as to certain matters set forth in the petition. The respondents to the petition are W. K. Redwine, one of the respondents in the original cause, and Murray W. Beasley.

The allegations of the petition show in substance that W. K. Redwine is over the age of 21 years, is an inmate of the Alabama Prison System and resides at Draper Correctional Center in Elmore County, Alabama, and that service of process upon him was had under § 58, Title 45, Code of 1940, by service upon the Commissioner of Corrections of Alabama. Murray W. Beasley is over the age of 21 years and resides in the City of Tuscumbia, Colbert County, Alabama.

It is further alleged that in and by the final decree in the above captioned cause under date of November 6, 1958, petitioner was directed to make distribution of the sum of $25,000, which was on deposit to his credit in the First National Bank of Russellville, Alabama. In and as a part of the aforesaid distribution, the respondent W. K. Redwine, became entitled to receive the sum of $1,085.18. The distribution has been completed except for the sum of $1,-085.18, which accrued under the final decree to W. K. Redwine.

Prior to the distribution the respondent Murray W. Beasley, who is an attorney at law and who as such represented the said W. K. Redwine upon the hearing of the cause, applied to this petitioner or to his at-

torney for the payment of the distributive share of W. K. Redwine to himself, the said Murray W. Beasley. The aforesaid Murray W. Beasley contends that he has a lien for his services as attorney on the distributive share of W. K. Redwine in the proceeds of the sale.

The respondent W. K. Redwine refuses to permit your petitioner to pay his distributive share to his attorney and refuses to permit the payment of his distributive share by a check jointly to W. K. Redwine and Murray W. Beasley, his attorney. On the contrary, he insists that the entire sum of $1,085.18 be paid by check made payable to W. K. Redwine only. W. K. Redwine has threatened that he will enter suit against all concerned within ten days from February 19, 1959, unless a check for the full sum accrued as his distributive share is made payable to him within ten days.

Petitioner is informed and believes that the respondent Murray W. Beasley asserts his alleged lien under § 64, Title 46, Code of 1940.

It is further alleged that under Equity Rule 36, Code 1940, Tit. 7 Appendix, as well as under § 63, Title 46, Code of 1940, petitioner is entitled to have decreed to him as costs of court and from the sum in dispute, a reasonable fee for his attorneys for interposing and prosecuting this petition and further that because of the necessity to interpose this petition, certain additional court costs will accrue which in equity and good conscience should be paid from the sum in dispute.

The petitioner prays that W. K. Redwine and Murray W. Beasley be joined as parties respondent to the petition, that a day be named for hearing the petition, that the respondents have notice of the filing of the petition and of the day so named for hearing and that petitioner may be permitted to pay the aforesaid sum of $1,085.18 into court to the register and that out of this sum the register be directed to pay the reasonable costs of court accruing upon this petition, including the fee of the attorney for the petitioner, the amount of which the court will fix and adjudicate and that the court will also adjudicate whether anything is payable from such sum of money to the respondent Murray W. Beasley, and if so, how much, and that all sums of money not payable as court costs or by way of lien and charge upon said distributive share will be held to be the property of the respondent, W. K. Redwine, payable to him at his pleasure and direction.

On February 23, 1959, upon presentation of the foregoing petition to the court, the court made an order setting the petition down for hearing on March 25, 1959, at 10:00 a. m. In the order the respondents were enjoined and restrained from prosecuting any action, other than such as might be involved in the petition for the collection of the sums of money mentioned in the petition, pending the hearing of the petition and that the respondents have notice of the filing of the petition, of the day named for the hearing thereon and notice of the order by the service of a proper summons or citation upon each of them in form and manner as required by law, together with a copy of the petition and of the order.

Following the entry of the foregoing order a citation was issued to W. K. Redwine and to Murray W. Beasley, an attorney at law, stating that Murray W. Beasley asserts that he has a lien on the aforesaid money for the payment of a fee to him from W. K. Redwine, impleading W. K. Redwine and Murray W. Beasley and notifying each of them in order that the court adjudicate whether any part of the aforesaid sum of money should be paid to Murray W. Beasley. Copy of the foregoing petition was served on Murray W. Beasley and W. K. Redwine.

W. K. Redwine filed a written motion for a continuance of the cause until March 25, 1961, on the grounds, in substance, that he has been falsely imprisoned for almost eight years, is not in a financial position to pay for the services of an ambulance for transportation to court and is not able

to present his case to the court because of physical disabilities.

A hearing of the petition was had and the court denied the motion for continuance filed by W. K. Redwine, ordered the fund to be paid to the register and further decreed that the law firm of Guin, Guin and Cleere is entitled to the sum of $100 as attorneys' fees in filing the petition plus $6 for expenses incurred in connection therewith and further that Murray W. Beasley is entitled to the sum of $150 due as an attorney's fee in representing W. K. Redwine in the foregoing cause. The court further ordered the register to pay these amounts respectively from the aforesaid fund and that the balance of $1,085.18, after disbursement of the aforesaid sums be paid to W. K. Redwine at Draper Prison, Elmore, Alabama, and that a copy of this order be mailed to W. K. Redwine together with the remainder of the fund.

Following the aforesaid decree W. K. Redwine brought this appeal to this court and submits both on motion for writ of certiorari to bring up portions of the original record and on the merits.

■ I. We see no reason to grant the motion for certiorari to bring up portions of the original record because there is enough before this court for us to reach a decision in the present matter and because the decree in the original case bears date of November 6, 1958. The time for appeal from the original decree has long since expired and the original decree cannot now be changed by us in the present proceeding.

II. It will be recalled that it is alleged that Thomas R. Redwine, as administrator of the estate with the will annexed of Thomas J. Redwine, deceased, had on deposit to his credit in the First National Bank of Russellville the sum of $25,000, which resulted from the decree in the original case. This petition is filed for the purpose of seeking the direction of the court as to the disbursement of this fund. It will also be recalled that all of this fund has been

disbursed except the sum of $1,085.18, the amount allotted to W. K. Redwine.

■ Since both W. K. Redwine and his former attorney, Murray W. Beasley, claim a portion of this fund, we think it is entirely appropriate for the holder of the fund to present the question of their respective allowances by a petition of interpleader under Equity Rule 36.

It is also true that under and by virtue of § 64, Title 46, Code of 1940, Murray W. Beasley has a lien on the amount of the fund apportioned to W. K. Redwine for his services as attorney for W. K. Redwine, if in fact he was such attorney and performed services in connection with his duties as such attorney.

■ We have carefully considered the evidence and the assignments of error. Only two of the assignments of error are sufficiently argued for discussion by us. One assignment relates to the allowance to Murray W. Beasley of $150 as a reasonable attorney's fee for services rendered by him as attorney for W. K. Redwine. We consider that the evidence shows that he was such an attorney and did render legal services and is entitled to the sum of $150 as a reasonable allowance for such service. § 64, Title 46, Code of 1940.

The other assignment of error relates to the allowance to the firm of Guin, Guin and Cleere for their services in filing this petition of intervention. We consider that the evidence shows that $100 and the expenses incurred in connection with their services totaling $106 are reasonable amounts to be allowed to the firm of Guin, Guin and Cleere. Equity Rule 36.

■ III. The ruling of the court denying the motion for continuance of the hearing until March 25, 1961, while assigned as error, is not in our judgment sufficiently argued. But assuming that it was sufficiently argued, we would affirm the decree of the lower court denying the motion because continuances of this kind are held to be

 

within the sound discretion of the trial court. We will not reverse such a ruling unless there is a showing of palpable abuse of discretion. American Rubber Corp. v. Jolley, 260 Ala. 600, 72 So.2d 102, 67 A.L.R. 2d 489; Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; Stewart v. Joiner, 268 Ala. 241, 105 So.2d 448.

We conclude that the decree of the lower court should be affirmed.

Affirmed.

LAWSON, GOODWYN and MER-RILL, JJ., concur.