239 So.2d 188

**Herbert P. ARANT and Annie Earl Arant**

**v.**

**Raymond Adolphe GRIER and
Dora Lee A. Grier.**

**5 Div. 886.**

Supreme Court of Alabama.

Sept. 3, 1970.

J. Paul Lowery, Montgomery, for appellants.

Howard & Dunn, Wetumpka, for appellees.

264

SIMPSON, Justice.

This is an appeal from a final decree entered in a case instituted by the appellees seeking to have the court establish the boundary line between their property and that of the appellants.

Appellants have made 25 assignments of error, but argue only the following: I. That the court erred in refusing to grant a continuance of the case at the request of the appellants.

The record indicates that a request for a continuance was made after the case had been called for trial, where the record shows the following:

"THE COURT: All right. Call your first witness.

"MR. GEORGE HOWARD: All right. We call Mr. Adolphe Grier.

"MR. HERBERT ARANT: Your Honor, I would like to make a statement before we get started.

"THE COURT: All right.

"MR. HERBERT ARANT: I am without an attorney this morning, and I would like to get the case continued so that I could get prepared.

"THE COURT: Mr. Arant, the answer to that is * * *

"MR. GEORGE HOWARD: Judge, may I say something?

"THE COURT: Yes, sir.

"MR. GEORGE HOWARD: The reason that he is without an attorney this morning is because we settled the case Friday night with him and his attorney and with the attorneys for the defendants, and then, he backed out from the settlement and his attorney withdrew from the case because Mr. Arant would not live up to the agreement. And, under those circumstances, we don't think that a continuance would be in order.

"THE COURT: Mr. Howard, Mr. Arant has changed attorneys twice since the commencing of this suit. And, if a man was permitted to fire his attorney at will, it is possible that the suit would never get to trial, and it is an imposition on anybody that has litigation to have to contend with continuances, firing and rehiring of additional lawyers.

"(Whereupon, Mr. Herbert P. Arant left the courtroom while Judge Macon was ruling on Mr. Herbert P. Arant's request for a continuance of the trial.)

"THE COURT: (Continuing) * * * Mr. Arant has had notice of the time set for this hearing; he was present in court and has since left the courtroom; he has a full answer in the record.

"MR. GEORGE HOWARD: And, this continuance was at his request.

"THE COURT: Yes, the Court is well aware of that, Mr. Howard; and the Court continued last * * * I believe it was set for Tuesday of last week.

"MR. GEORGE HOWARD: Yes, sir.

"THE COURT: It was set for November the twelfth, and I * * * the Court received a letter from his attorney at that time stating that he had a conflict in Federal Court, and the Court continued the case until today, the 19th of November. If the Court permitted a person to fire and delay litigation that way, the Court would never dispose of a case. Let's proceed with the hearing."

 We have repeatedly held that a motion to postpone a trial is addressed to the sound judicial discretion of the trial court and its refusal to allow a continuance is not reviewable here except for gross abuse. Stewart v. Joiner, 268 Ala. 241, 105 So.2d 448; Long v. O'Mary, 270 Ala. 99, 116 So.2d 563; Redwine v. Redwine, 270 Ala. 623, 121 So.2d 611.

We do not find that that judicial discretion has been abused in this case, and believe the trial court entirely justified in refusing to further postpone the trial of this matter at the request of the appellants. See particularly Steele v. Gill, 283 Ala. 364, 217 So.2d 75.

II. The only remaining proposition argued is that the court erred in allowing the introduction of a deed book from the office of the Judge of Probate showing a conveyance of part of the property involved in this litigation. Initially, we are struck with the fact that no objection was made at the time to this evidence, and further with the fact that this case was being tried in the Equity Court to a trial judge ore tenus. Without reaching the question of whether or not this evidence was admissible, it is not reversible error to have admitted it in this case because there is a presumption that the trial court did not consider any illegal, incompetent, or irrelevant evidence. Title 7, § 372 (1), Code of Alabama; Long v. Ladd, 273 Ala. 410, 142 So.2d 660.

Nothing further having been argued in brief, the decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.