253 So.2d 511

**MID–STATE HOMES, INC., a Corporation**

v.

**Eddie BUTLER.**

**8 Div. 428.**

Supreme Court of Alabama.

Oct. 14, 1971.

R. A. Norred, Birmingham, for appellant.

Edward W. Mullen, Florence, for appellee.

HARWOOD, Justice.

Mid-State Homes, Inc., a Corporation, brought an action of ejectment against Eddie Butler. The complaint was in two counts, each of which is substantially in code form, and each sought recovery of the land described in the counts and claimed $1,000.00 as damages for the detention thereof.

Count 1 avers that the plaintiff was in possession of the land at the time of the alleged unlawful entry by Butler, while Count 2 avers that the plaintiff had legal title thereto at the time.

The defendant filed demurrers to each of said courts, but no ruling was had on the demurrers.

The cause was heard without the intervention of a jury. No plea was filed but it is apparent that the hearing was conducted as though a plea of the general issue had been interposed.

At the conclusion of the hearing the court entered a judgment for the defendant, Butler, and the plaintiff below has perfected this appeal from said judgment. Since the parties occupy the same position on this appeal as they did in the court below, they will hereinafter be referred to in this opinion as the plaintiff and defendant.

The evidence presented below is not in conflict. It shows that Janie Rutland

owned the described property until the time of her death in January 1968.

On 7 December 1965, Janie Rutland executed a mortgage on the described land to Dixie Craft, Inc. This mortgage was recorded the next day, i.e., 8 December 1965.

At this time Eddie Butler was lessee of Janie Rutland of a house located on the described land.

In 1966 the house occupied by Butler was condemned by the City of Florence, and was torn down. The Jim Walter Corporation erected a new house on the described land and Butler moved into this new house, he having occupied another house on the described land as lessee of Janie Rutland in the interim between the tearing down of the house he originally occupied and the erection of the house by Jim Walter Corporation.

On 1 September 1966, Janie Rutland executed a mortgage on the described land to Jim Walter Corporation. Jim Walter transferred and assigned this mortgage to Mid-State Homes, Inc., on 19 September 1966, and it was recorded on that day.

The defendant Butler paid rent to Janie Rutland until her death, and thereafter paid rent to Bruce Buckingham, executor of Janie Rutland's estate, until October 1968. Buckingham testified that the rental payments he collected from Butler were paid to the Jim Walter Corporation until October or November 1968, when Butler refused to make payments to him.

On 16 September 1968, the mortgage held by Dixie Craft, Inc., was foreclosed, and Dixie Craft was purchaser at the foreclosure sale. The validity of this foreclosure sale is not questioned.

Butler read of the foreclosure sale in a newspaper, and on 23 September 1968, he entered into a lease-sale agreement with Dixie Craft for purchase of the house he occupied. The aforementioned lease-sale contract was assigned by Dixie Craft to the Birmingham Trust National Bank, and Butler has made the payments due under the sale-lease contract to the bank since said assignment.

The plaintiff asserts his right to the property on the theory that upon default of the payments on its mortgage it, as mortgagee, had both legal title and right of possession. See Cowart v. Aaron, 220 Ala. 35, 123 So. 229.

In its judgment the court below found that Dixie Craft's title to the property, and Butler's rights under his lease-sale contract with Dixie Craft, were superior to the plaintiff's, and was therefore determinative of the action in Butler's favor.

The plaintiff's assignments of error question in various ways the correctness of the judgment entered.

In brief counsel for the plaintiff asserts that:

"A tenant in possession may not show a superior outstanding title to defeat a suit against him for the possession of the real estate either by the landlord under whom he went into possession as tenant or by one who has succeeded to the rights of such landlord, even though the tenant may have obtained a transfer of such title to himself—such assertion may be made only after the tenant has first surrendered possession of the real estate to his landlord."

For this proposition plaintiff cites Stewart v. Joiner, 268 Ala. 241, 105 So.2d 448, and Childress v. Smith, 227 Ala. 435, 150 So. 334.

In Stewart v. Joiner, supra, Albert Stewart had gone into possession of property as a tenant of his brother Buster Stewart who had possession under a claim of ownership. While Albert was in possession of the property, Buster conveyed the property to Shirley Joiner, who thereafter brought an action of ejectment against Albert to recover possession of the property. The lower court gave Joiner's request for the

general affirmative charge with hypothesis, and verdict and judgment were returned and entered for Joiner. Albert perfected an appeal from such judgment, and this court affirmed, the court writing:

"The principle has been long established in this state that the tenant is estopped to deny the title of his landlord *as it existed at the inception of the tenancy*, while holding under a lease or after its expiration, unless he surrenders possession to the landlord. (Citations omitted.) The tenant cannot, while so in possession and to defeat a suit against for possession, show that there was a superior outstanding title, though he may have acquired a transfer of it to himself, and though the suit be of a nature which admits of a contest of titles. Childress v. Smith, 227 Ala. 435, 150 So. 334; Espalla v. Gottschalk, supra [95 Ala. 254, 10 So. 755]; Houston v. Farris, supra [71 Ala. 570]; Norwood v. Kirby's Adm'r, supra [70 Ala. 397]." (Italics and par. ours.)

We think it apparent that the reason for the affirmance in Stewart v. Joiner, supra, was that Albert Stewart could defend the action of ejectment only by disputing the title of his lessor, Buster Stewart, at the time the lease was entered into, and not having surrendered possession of the property he was estopped from questioning his lessor's title.

Expressions of like import as those found in Joiner v. Stewart, supra, are reiterated in Childress v. Smith, supra.

The plaintiff can find no comfort in either of the two above mentioned cases upon which it relies.

A very clear exposition as to the proper operation of estoppel in the type of situation with which we are now concerned is to be found in Farris and McCurdy v. Houston, 74 Ala. 162, as follows:

"The estoppel operates only to preclude the tenant from disputing the title of the landlord at the time when the lease was made, and possession given; but not from showing that the title which the landlord then had was defeasible, or limited in its nature, and has since been defeated, or has expired by its own limitation.—2 Smith's Lead. Cases, 752. Hence, evidence that the landlord has assigned the reversion, and that the tenant has attorned to the assignee; or that, under a judgment and execution, the reversion has been bought in by the tenant, or by a third person, to whom he subsequently attorns to avoid eviction, will make a good defense to an action by the landlord for the recovery of rent, or of possession.—Randolph v. Carlton, 8 Ala. 606; Pope v. Harkins, 16 Ala. 321; English v. Key, 39 Ala. 113; Otis v. McMillan, 70 Ala. 46. In these cases, the tenant does not dispute the title of the landlord—does not deny that, at the time of the demise, he had the right to make it; but avers that the title then existing has expired. In Randolph v. Carlton, supra, the court said: 'By receiving possession from another under a lease, the tenant impliedly admits that the lessor had such title as authorizes him to dispose of the premises; but he can not be held to affirm anything in respect to its continuance; consequently, it is allowable for him to show that the title has expired, or been extinguished by operation of law.' "

■ We are in no wise concerned with any equity of redemption, nor statutory right of redemption in this review. This was an action of ejectment, and as such is determinable upon legal and not equitable title. See 8 Ala.Digest, Ejectment, ☞13, for innumerable authorities.

■ When Dixie Craft foreclosed its duly recorded mortgage, purchased the property at the foreclosure sale, and received a mortgage foreclosure deed to the mortgaged property, legal title thereto vested in Dixie Craft paramount to any junior mortgage held by Jim Walter Corporation, or any assignee of the Jim Wal-

ter mortgage, i. e., Mid-State Homes, Inc.

The judgment herein appealed from is due to be affirmed, and it is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX, and McCALL, JJ., concur.