CRAWLEY, Judge.
The State of Alabama petitions for a writ of mandamus after the trial court imposed court costs against it.
The State obtained a search warrant for the residence of Jessie Cobb on August 18, 1994, to search for illegal drugs and records relating to drug trafficking. The search warrant was executed by the Colbert County Drug Task Force, which was assisted by an agent of the Internal Revenue Service (IRS).
As a result of the execution of the warrant, records belonging to Jessie Cobb and Rome-lia Hogan, possibly relating to drug trafficking and money laundering, were seized. These records were maintained in the custody of the Task Force until September 14, 1994, when they were turned over to the IRS for examination and duplication. While the records were in the custody of the IRS, Cobb and Hogan’s attorney requested that they be returned. The attorney was informed that as soon as the records were released by the IRS, they would be returned to them.
However, on September 29, 1994, Cobb and Hogan filed a motion for the return of personal property, pursuant to Rule 3.13, A.R.Cr.P. There was no pending criminal action, and the motion was docketed in the trial court as a civil action. The court set the motion for a hearing on November 2, 1994. The State moved to dismiss, arguing, among other things, that the motion failed to state a claim upon which relief could be granted, specifically contending that the claim was barred by Alabama Constitution, Art. 1, § 14.
At the hearing, the parties informed the court that the personal property had been returned to Cobb and Hogan, and they requested that the State be taxed with court costs. The trial judge ordered the State to pay the court costs and stated further: “It is therefore ORDERED by the Court that [Cobb and Hogan’s] claim [is] moot and this ease is dismissed upon the State of Alabama paying said sum to the petitioners [Cobb and Hogan].”
Because the trial court’s order stated that the motion would be dismissed upon payment of costs, the State appealed and in the alternative, petitioned for a writ of mandamus. The order of the trial court is not a final appealable order. Therefore, we will consider the State’s petition for the writ of mandamus.
*1015 The State contends that awarding costs against the State is not authorized by a statute, and that even if it were, any statute authorizing it would violate § 14 of the Alabama Constitution of 1901, which provides “[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.”
In Ex parte Purcell Co., 451 So.2d 801, 802 (Ala.1984), the Alabama Supreme Court stated that “[t]he right to recover costs exists only as granted by statute, because there was no such right at common law.” In State v. Pullman-Standard Car Mfg. Co., 235 Ala. 493, 179 So. 541 (1938), the Alabama Supreme Court held that because the State was a defendant in that case, a judgment for costs could not be rendered against the State, even though a statute authorized an award of costs against the State in civil actions in which the State was a plaintiff. Because no statute authorized an award of costs against the State as a defendant, the court stated that it need not consider the applicability of § 14 of the Constitution. Rule 54(d), A.R.Civ.P., provides for an award of costs against the State if it is a plaintiff in a civil action. Cobb and Hogan cite no statutory authority for awarding costs against the State when it is a defendant. Like the court in Pullman-Standard, we need not consider whether the trial court’s judgment contravenes § 14.
The State’s writ of mandamus is issued directing the trial court to set aside its award of costs against the State.
WRIT GRANTED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.