CRAWLEY, Judge.
In September 1979, Craig S. Cameron executed a mortgage on certain real property to Jackson Company. Jackson Company subsequently assigned the mortgage to Federal National Mortgage Association (the “mortgage company”). In June 1986, Cameron executed a second mortgage on the same property to Ansley E. Whatley and Charlotte H. Whatley. In November 1988, Cameron and Meadowbrook Group, a partnership with Frank Elaty and Steve Guiee as the general partners, entered an agreement whereby Cameron sold the property to Meadowbrook Group.
Cameron and Meadowbrook Group executed a bond for title, which provided, among other things, that Meadowbrook Group would pay the debts secured by first and second mortgages on the property. The bond for title further provided that if Meadowbrook Group breached the agreement then its pos-sessory interest in the property would cease, that Cameron would be entitled to take possession of the property, and that Cameron would be entitled to certain damages. Mea-dowbrook defaulted on the payment of the mortgages. The mortgage company foreclosed the first mortgage in April 1991 in compliance with Alabama’s foreclosure statutes and received a foreclosure deed. Neither Cameron nor the Whatleys, who held the second mortgage, exercised their statutory right of redemption.
*235 In August 1991, Cameron sued Meadow-brook Group, Elaty, and Guiee, alleging breach of contract and requesting damages for breach. Elaty and Guiee each filed a motion for summary judgment, and the trial court granted both motions. Cameron appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the “substantial evidence rule” in the summary-judgment context.
Elaty and Guiee contend that the mortgage company’s foreclosure extinguished the second mortgage and the bond for title. Cameron argues that that foreclosure did not extinguish his remedies for breach provided in the bond for title, and, therefore, that he can sue Elaty and Guiee for breach of contract. We agree with Elaty and Guiee.
It is undisputed that the mortgage company had priority over the Whatleys’ mortgage and the bond of title. It is also undisputed that Cameron never exercised his right to redeem the property pursuant to Ala.Code 1975, § 6-5-248.
“If foreclosure of a valid mortgage is properly conducted, all interests arising after the time the senior mortgage was created and all subordinate interests will be cut off unless the junior lienors redeem during the specified time period provided by statute.”
Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138, 144 (Ala.1990). See Dewitt Apparel, Inc. v. Four Seasons of Romar Beach Condominium Owners’ Ass’n, 678 So.2d 740 (Ala.1996) (holding that foreclosure of a prior mortgage extinguished a declaration of condominium and interests in a parking lot that were subject to the mortgage); and Mid-State Homes, Inc. v. Butler, 287 Ala. 584, 253 So.2d 511 (1971) (holding that foreclosure of prior mortgage extinguished second mortgage).
Therefore, in this case, once the mortgage company foreclosed, all subordinate interests, including the bond for title, were extinguished. Cameron’s only remaining right was to redeem pursuant to the statute; because he failed to redeem, Cameron no longer has any interest in the property and he cannot seek to enforce the remedies that would have been provided by the bond of title. The trial court properly entered the summary judgment for Elaty and Guiee.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.