ROBERTSON, Presiding Judge.
This is an appeal from a judgment of the Jefferson County Circuit Court quieting title under § 6-6-560, Ala. Code 1975, in favor of the City of Birmingham (“the City”) with respect to an easement claimed by the Alabama Historical Commission, an Alabama public corporation organized under § 41-9-240, Ala. Code 1975 (“the Commission”).
The City filed the action to quiet title on December 2, 1998, naming as defendants the property in question and the Commission. The Commission answered and counterclaimed, seeking declaratory relief as to the validity of its easement and seeking injunctive relief. The city filed a motion for a summary judgment on March 5, 1999, seeking a declaration that the easement was invalid as a matter of law. On May 19, 1999, after a hearing and further briefing, the trial court entered a summary judgment for the City. After its post-judgment motion to alter or amend the judgment was denied, the Commission appealed to this court.
The record reveals that the property in question is located in the City and is locally known as Quinlan Castle. On August 12, 1981, Turnipseed, Lukensmeyer & Freeman Properties, an Alabama general partnership (“Turnipseed”), conveyed the property by warranty deed to Bracewell and Royal Arms Apartment, Ltd. (“Brace-well”). Bracewell executed a purchase-money mortgage (“the first mortgage”) on the property to Turnipseed to secure payment of the purchase price. Bracewell conveyed the property to Paul Bourgeois on August 31, 1987, subject to the first mortgage. On February 24, 1988, Bourgeois executed a second mortgage on the property, subject to the first mortgage, to the City to secure a loan from the City (“the City’s mortgage”). Bourgeois deeded his interest in the property to Quinlan, Inc., on November 30, 1988. Quinlan granted the commission a historical-preservation easement on the property on December 28, 1988 (“the first easement”).
On March 29, 1989, Borgeois executed a corrected deed that changed the name of the grantee of the property to the Quinlan Castle Partnership; the Quinlan Castle Partnership granted a second historic easement to the Commission (“the second easement”).
Turnipseed foreclosed on the first mortgage on June 17, 1993, and obtained a foreclosure deed. On January 7, 1994, the City redeemed the property pursuant to § 6-5-248, Ala. Code 1975, by paying Tur-nipseed $653,000, and the City received a “redemption deed” from Turnipseed. At the time the redemption deed was executed, the historic easement had been recorded, and the redemption deed contained the usual language stating that it was subject to easements. On November 6, 1998, Tur-nipseed executed a “corrective redemption deed” to the City that purported to correct errors in the original redemption deed. The Commission never attempted to exercise any right of redemption.
In its summary judgment, the trial court reviewed the transaction noted above and stated, in pertinent part:
“From the above it may be seen that the First Mortgage was created in 1981 and the City’s Mortgage, which was junior to the First Mortgage, came into existence in February, 1988. , Subsequent to the City’s Mortgage the Commission’s First and Second Easements ■were created. In the creation of the *319 Commission’s Easements, the City did not join in the conveyance and did not agree to a subordination of its rights to the Commission’s Easement. In June, 1993, the First Mortgage foreclosure re-conveyed title to the property to Turnip-seed and in 1994, the Redemption Deed evidenced the City’s exercise of its right as a junior lien holder to redeem from Turnipseed. The Redemption Deed had several patent errors in it, such as conveying title to the City by itself as joint tenants with right of survivorship, and others. These errors were corrected by the Corrective Redemption Deed in 1998. Although the Redemption Deed seems to make the rights of the City subject to the rights of others that are subordinate or junior to the City’s right, the Court finds as a matter of law that the Redemption Deed could not enlarge those rights so as to make them superior to the City’s interest without the City’s agreement. Thus, the Court finds that after the Redemption Deed in 1994, the Commission was left with its own right to redeem the property under Section 6-5-248 of the Code of Alabama. Once the time for the redemption by the Commission expired, its rights, as related to the City, were extinguished. Therefore, the ‘Motion For Summary Judgment’ by the City is due to be granted and the ‘Commission’s Motion For Summary Judgment’ is due to be denied.
“The Court notes that Section 35-18-2 of the Code of Alabama does not apply since it was enacted subsequent to the creation of the City’s Mortgage and the Commission’s Easement.”
In addition to entering the summary judgment for the City, the trial court taxed the costs of the action against the Commission.
On appeal, the State attorney general argues (1) that sovereign immunity barred the City’s quiet-title action against the Commission; (2) that the historical easement was not extinguished by the mortgage foreclosure; (3) that the historical easement was recognized and acknowledged in the language of the City’s redemption deed; and (4) that the trial court erred by taxing the costs of the action against the Commission.
Our standard of review of summary judgments is settled:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R.Civ.P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted). Moreover, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). No presumption of correctness attaches to a summary judgment, and our review is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)).
The facts in this case are undisputed. Accordingly, we consider whether the application of the law to those facts requires the conclusion that the City was entitled to a judgment as a matter of law with respect to its lawsuit to quiet title.
The ultimate issue in this case is whether the trial court erred in determining that the Commission does not have a valid historical easement on the Quinlan Castle *320 property. With respect to the Commission’s argument that the City’s quiet-title action was barred by the doctrine of sovereign immunity, we note that the Commission correctly points out that it is a state public corporation formed pursuant to § 41-9-241, Ala.Code 1975, and thus arguably entitled to employ the defense of sovereign immunity. We note further that the Legislature has granted the Commission considerable power with respect to real property, including the right to take and hold title to property. § 41-9-249, Ala.Code 1975.
Thus, while we might agree that the doctrine of sovereign immunity would bar the City’s action to quiet title, that issue is moot in this case because the Commission counterclaimed, seeking a declaration that it had a valid historical easement in the property. Accordingly, the Commission itself placed the issue of the validity of the historical easement before the trial court. Having affirmatively presented that issue to the trial court, the Commission cannot also argue that the defense of sovereign immunity bars the trial court from addressing it. The law is long settled that sovereign immunity under Ala. Const. of 1901 Art. I, § 14, does not apply when the state asserts a claim for adjudication. State v. Inman, 239 Ala. 348, 195 So. 448 (1940); Alabama Girls’ Indus. School v. Reynolds, 143 Ala. 579, 42 So. 114 (1904).
The commission next argues that the trial court erred in holding that the easement was extinguished as a matter of law. In support of its argument, the Commission relies on Dozier v. Krmpotich, 227 Minn. 503, 35 N.W.2d 696 (1949). Although Dozier held that the foreclosure of a prior mortgage did not extinguish a later prescriptive easement, that case is not controlling. First, we note that the claim of the prescriptive easement in Dozier arose before the mortgage, unlike the situation in this case, where the grant of the historical easement took place after the first mortgage.
Moreover, we do not find the rationale of Dozier sufficient to overturn settled Alabama case authority. In Alabama, the general rule is that the foreclosure of a mortgage terminates an easement that is recorded after the mortgage, subject only to the junior easement holder’s right to redeem under § 6-5-248, Ala.Code 1975. In Cameron v. Meadowbrook Group, 730 So.2d 234, 235 (Ala.Civ.App.1999), this court stated:
“ ‘If foreclosure of a valid mortgage is properly conducted, all interests arising after the time the senior mortgage was-created and all subordinate interests will be cut off unless the junior lienors redeem during the specified time period provided by statute.’ ”
(Quoting Bailey v. Gobble-Fite Lumber Co., 565 So.2d 138, 144 (Ala.1990)). See also Dewitt Apparel, Inc. v. Four Seasons of Romar Beach Condominium Owners’ Ass’n, 678 So.2d 740 (Ala.1996) (foreclosure of a prior mortgage extinguished a declaration of condominium and interests in a parking lot that were subject to the mortgage); and Mid-State Homes, Inc. v. Butler, 287 Ala. 584, 253 So.2d 511 (1971) (foreclosure of prior mortgage extinguished second mortgage). In this case, it is undisputed that the Commission’s easement arose and was recorded after the execution and recordation of both the first mortgage and the City’s mortgage. It is also undisputed that the Commission never attempted any redemption of any version of the historical easement.
The Commission also argues that even if the rule from Bailey quoted in Cameron is applicable to this case, the easement is preserved because language in the City’s redemption deed states that the property is “subject to easements, rights of way, reservations, agreements, and restrictions and set back lines of record.” In effect, the Commission argues that the trial court erred when it concluded that the language in the redemption deed could not, as a matter of law, make the City’s *321 interest subject to the Commission’s historical easement without the City’s agreement. It is undisputed that the City did not agree to subject its interest in the property to the Commission’s historical easement. It is settled law that the grant- or of a deed can convey only such interest in the property as he has. Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970); Todd v. Devaney, 265 Ala. 486, 92 So.2d 24 (1957); Vaughn v. Brue, 245 Ala. 107, 16 So.2d 17 (1943). There is nothing in the redemption deed to support the conclusion that the historical easement, having been terminated by foreclosure, was reestablished by the boilerplate language in the redemption deed. We conclude that the trial court correctly determined that the City’s interest was not made subject to the Commission’s easement.
Further, we note that the “corrective redemption deed” complies fully with § 6-5-255, Ala.Code 1975, requiring a complete conveyance of Turnipseed’s interest to the City, and this court has already concluded under Bailey, supra, that Turnipseed’s foreclosure terminated the Commission’s easement, subject only to its right to redeem. The trial court did not err in finding the Commission’s only route to reestablishing its easement was by way of its statutory right of redemption.
The Commission also argues that policy considerations require that the historical easement in this case be declared valid. Although we are cognizant of the value of retaining sites of historic significance in our State, that consideration cannot overcome this court’s obligation to apply the appropriate statutes, § 6-5-248, Ala.Code 1975, nor the law as set out by our Supreme Court in Bailey and its progeny.
Accordingly, the trial court’s summary judgment holding that the historical easement was extinguished as a matter of law is due to be affirmed.
The Commission also argues that the trial court erred in taxing costs against the Commission as an agency of the State. Ex parte State, 660 So.2d 1014 (Ala.Civ.App.1995). The City concedes this point. That part of the trial court’s judgment taxing costs against the Commission is therefore reversed, and the cause is remanded to the trial court for entry of an order that does not tax costs against the Commission.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.